UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION,                               ) <br>                                                    ) <br>                    Plaintiff             ) <br>                                                    ) <br>         v.                                       ) <br>                                                    ) <br>                                                    ) <br> DAVID CHEVROLET BUICK       ) <br> PONTIAC, INC.                              ) <br>                                                    ) <br>                    Defendant.        ) <br> _____ ) | CIVIL ACTION NO. <br><br> COMPLAINT AND <br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex by David Chevrolet Buick Pontiac, Inc. (hereinafter "Defendant") and to make whole Michelle DelGrosso, Allen Richards, and Wendy Snider-Kirchmeyer (hereinafter referred to collectively as "Charging Parties").  As alleged in greater detail in paragraph 7 below, Defendant subjected Charging Parties to discrimination on the basis of sex by creating and failing to remedy a hostile work environment on the basis of sex, by constructively discharging DelGrosso and Snider-Kirchmeyer, and discharging Richards in retaliation for complaining about the harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of New York.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a New York corporation doing business in the State of New York, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Charging Parties each filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2005, Defendant has engaged in unlawful employment practices in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000 e-2(a). These practices included, but are not limited to, the following:

   a) Employees and managers at Defendant's Niagara Falls, New York location subjected Michelle DelGrosso and Wendy Snider-Kirchmeyer to offensive, sexually harassing conduct including, but not limited to sexual advances, sexual comments, exposure to sexually explicit websites and other unwelcome and offensive conduct, which created a sexually hostile work environment. Examples include, but are not limited to, the following:

i)      With DelGrosso, Defendant's sexual harassment of her included, but was not limited to, the following: repeatedly subjecting DelGrosso to sexually explicit material on the company computer, including pornography and sexually explicit websites.  Additionally, a Sales Manager harassed DelGrosso by "coming on" to her and telling her that she "should try younger men."  A co-worker at the time, who was later promoted to Sales Manager, made repeated vulgar sexual comments to DelGrosso such as, "Your ass looks good in those pants" and commented to DelGrosso that he wanted to touch her buttocks or "do her."  Another co-worker repeatedly showed DelGrosso pictures of topless women from "biker parties" that he attended.  This last co-worker also claimed that DelGrosso gave customers "blow jobs' to create sales.  Further, a copy of *Easy Rider* magazine, containing a topless picture of a David Chevrolet employee, was passed around the dealership openly.

DelGrosso complained about the harassing conduct, but no action was taken.  Conditions deteriorated to the point where she felt she had no choice but to quit, resulting in her constructive discharge.

ii)     With Snider-Kirchmeyer, Defendant's sexual harassment of her included, but was not limited to, the following: repeatedly subjecting her to sexually explicit material on the company computer, including pornography and sexually explicit websites, and constant verbal harassment by her Sales Manager.  On an almost daily basis throughout her employment, this manager referred to her as "Blondie."  He also leered at her and commented repeatedly on how she dressed.

3

On one occasion, he told another Sales Manager, in her presence, that he would be "fighting over her" if she were not married. When she complained to Mike Chimera, the General Manager, about her mistreatment and told him that she thought her manager did this to her because she is a woman, Chimera dismissed her and responded, "Come on now, don't go there. He is just harsher than I am."

Snider-Kirchmeyer felt uncomfortable and lost confidence due to her manager's constant harassment. She stopped approaching customers because she did not want to interact with him, since he had to approve any deals she made. She resigned her employment due to the harassment and hostile work environment, resulting in her constructive discharge.

b) With Richards, Defendant's sexual harassment of him was based on stereotypes of how men should be, and included, but was not limited to, frequent offensive verbal harassment by Defendant's General Manager (hereafter "GM"). When Richards had highlights in his hair, the GM commented that Richards "looks like one of those faggots from a boy band, like Back Street Boys or something." The GM, on almost a daily basis, referred to Richards as "Gay Jay." Additionally, he assigned Richards a derogatory work email, benzaisgay@hotmail.com, alluding to the nickname he gave to Richards, AJ Benza, a reference to the host of Entertainment Tonight. The GM also asked Richards if he had sex with men or animals or if Richards liked "it up the ass." He also once poked a stick at Richards' buttocks. After he learned that Richards had a girlfriend, the GM made comments such as, "Does your girlfriend like it up the ass?", "Are you going to have sex up the ass" with her, and asked him on several occasions if he was going to have sex with his girlfriend that night. The GM once asked Richards if he

4

was "going to stick his little peter" in his girlfriend. The GM also asked Richards how many times he had sex and commented that his "dick must feel like sandpaper."

After complaints of his mistreatment were investigated and dismissed -- Defendant's owner, Joseph Smith, told Richard's, "Mike's [the GM's] our man, you'll have to learn to live with him" – Richards was fired in retaliation for opposing the way he was being mistreated.

8. Defendant's practices complained of in paragraph 7 above deprived Charging Parties DelGrosso and Snider-Kirchmeyer of equal employment opportunities and otherwise adversely affected their employment because of their sex, female.

9. Defendant's practices complained of in paragraph 7 above deprived Charging Party Richards of equal employment opportunities and otherwise adversely affected his employment because of his sex, male.

10. Defendant's unlawful employment practices complained of in paragraph 7 above were intentional.

11. Defendant's unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of sex;

B. Order Defendant and its agents to institute and carry out policies, practices and programs which provide equal employment opportunities for employees, and which eradicate the

effects of Defendant's past and present unlawful employment practices, including training of all employees and counseling for those found to have sexually harassed employees;

  C. Order Defendant to make whole Charging Parties, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to, front pay and reinstatement;

  D. Order Defendant to make whole Charging Parties by providing compensation for non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial;

  E. Order Defendant to pay Charging Parties punitive damages for their malicious and/or reckless conduct in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper.

  G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  December 18, 2007

        Respectfully submitted,


        Ronald S. Cooper
        General Counsel
        James L. Lee
        Deputy General Counsel
        Gwendolyn Y. Reams
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C.   20507

s/ Elizabeth Grossman
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov


s/ Markus L. Penzel
Markus L. Penzel
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building
Room 475
Boston, MA 02203-0506
(617) 565-3193
markus.penzel@eeoc.gov